## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**ROBERT TERRY, et al**
    Plaintiffs

**v.**                                     **Case Number: 8:13-cv-00773-AW**

**MORTGAGE ELECTRONIC**
  **REGISTRATION SYSTEMS**
and
**FREEDOM MORTGAGE CORPORATION**
    Defendants

---

### MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM

**COME NOW** Mortgage Electronic Registration Systems, Inc. and Freedom Mortgage Corporation by and through their attorneys, McCabe, Weisberg & Conway, LLC and Michael T. Cantrell, Esquire, and file this Motion to Dismiss Plaintiffs' Complaint ("Complaint"), and for cause state as follows:

### I. FACTS AND PROCEDURAL HISTORY

1.    On April 15, 2009, Robert C. Terry and Shirley Atkins ("Plaintiffs") executed a Note ("Note") in the amount of $355,530.00 in favor of Freedom Mortgage Corporation ("Freedom"). Freedom was identified in the Note as the "Lender". *See* Exhibit 1, attached hereto.

2.    On April 15, 2009, the Plaintiffs also executed a Refinance Deed of Trust ("Deed of Trust") in favor of Freedom, in the amount of $355,530.00, thereby securing the loan against the property known as 10015 Thrift Road, Clinton, Maryland 20735 ("Real Property"). *See* Exhibit 2, attached hereto. The Deed of Trust is recorded among the Land Records of Prince George's County, Maryland at Liber 30901 Folio 613.

3.      In the Deed of Trust, Mortgage Electronic Registration Systems, Inc. ("MERS") was identified as the "beneficiary […] solely as the nominee for Lender[.]"  MERS was not mentioned in the Note and has no interest, ownership, or otherwise in the Note.

4.      On January 26, 2012, MERS executed an Assignment of Deed of Trust ("Assignment") thereby transferring whatever beneficial interest it might have held in the Deed of Trust to Freedom, the "Lender"" pursuant to the terms of the Deed of Trust.  *See* Exhibit 3, attached hereto.

5.      Thereafter, as a consequence of the loan having fallen into default, Freedom appointed substitute trustees in place of the original trustees identified in the Deed of Trust.  Said Substitute Trustees docketed a foreclosure action on May 7, 2012 pursuant to the terms of the Deed of Trust, in the Circuit Court for Prince George's County, Maryland at Curran et al v. Terry, et al, Case Number CAE12-14539.

6.      On January 29, 2013, the Plaintiffs filed the Complaint in which they allege the following:

a.      On January 26, 2012, MERS transferred or assigned the Deed of Trust to Freedom.  Complaint, ¶2

b.      Plaintiffs never received notice of the transfer to the new lender.  Complaint, ¶3.[1]

c.      Failure to provide notice of the assignment results in the imposition of civil penalties against MERS and Freedom.  Complaint, ¶¶3-4.[2]

---

[1] Plaintiffs assert a violation of "Section 131(g) of 15 USC § 1641.  Counsel believes the correct citation to be 15 USCA § 1641(g).

[2] Plaintiffs assert that the penalties are assessed pursuant to "Section 130(a) of TILA".  Counsel believes the correct citation to be 15 USCA § 1640(a).

## II. <u>Standard</u>

7.     When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must assume the truth of all the well-pled facts and inferences that may be drawn therefrom.  Nevertheless, a motion to dismiss is properly granted if, on its face, a complaint fails to state a legal cause of action.  *Hrehorovich v. Harbor Hos. Center, Inc.,* 93 Md. App. 772, 614 A.2d 1021 (1992).  And, a party must "allege facts that, if proven, would entitle him to relief."  *Flaherty v. Weinberg,* 303 Md. 116, 136 (1985).  Accordingly, when considering a motion to dismiss for failure to state a claim, the Court only needs to examine the sufficiency of the pleading.  *Doe v. Doe,* 122 Md. App. 295, 712 A.2d 132 (1997) rev'd on other grounds, 358 Md. 113 (2000)(*citing Lubore v. RMP Associates, Inc.*, 109 Md. App. 312, 674 A.2d 547 (1995), *cert. denied,* 343 Md. 565, 683 A.2d 177 (1996)).  Although due consideration is to be accorded to the facts alleged in the complaint, no consideration is warranted for mere conclusory challenges.  *Berman v. Karvounis,* 308 Md. 259, 518 A.2d 726 (1986).  A Court may grant a motion to dismiss if the facts alleged in the complaint fail to state a cause of action. *Afamefune v. Suburban Hospital,* 385 MD. 667 (2005); *Davis v. DiPino,* 337 Md. 642. 655 A.2d 401 (1995), *reconsideration denied,* April 7, 1995.

8.     Furthermore, when evaluating a motion to dismiss, the primary concern is that of plausibility – "a complaint must state a claim that is plausible on its face" and incorporate "sufficient factual matter" in support of the claim.  *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), *Bell Atlantic v. Twombly,* 127 S. Ct. 1955, 1960, 55 U.S. 544 (2007).  If the pleader cannot meet the plausibility standard, then the complaint must be dismissed.  While the Court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," (*Mylan Labs., Inc., v. Matkari,* 7 F.3d 726, 730 (4th Cir. 1993)), the complaint must

assert "factual allegations […] that raise a right to relief above the speculative level." *Bell Atlantic,* at 1965.  In response to a motion to dismiss, plaintiffs cannot rely upon "allegations that are merely conclusory, unwarranted deductions of fact […and] unreasonable inferences" or factual allegations completely without basis to actual events. *Veney v. Wyche,* 293 F.3d 726. 730 (4th Cir. 2002); See, *Revene v. Charles County Commissioners,* 882 F.2d 870 (4th Cir. 1989). The allegations in a complaint must give rise to entitlement of relief, and while a Court may be generous in its view of a complaint, such generosity does not require a court to allow a plaintiff to prosecute a claim when there are no facts upon which to support it. *Bender v. Suburban Hosp., Inc.,* 159 F.3d 186, 191 (4th Cir. 1998).

### III. <u>Arguments</u>

*A)*      *Statute of Limitations*

9.      The Assignment was executed by MERS on January 26, 2013[3], and the Complaint was filed by the Plaintiffs on January 29, 2013, more than one year later.

10.      Assuming that there was a requirement that Freedom (the "Lender" identified in the Deed of Trust) notify the Plaintiffs that MERS was assigning its beneficial interest in the Deed of Trust to Freedom, then any civil liability arising pursuant to 15 USCA § 1641(g) is subject to the statute of limitations set forth in 15 USCA § 1640(e).

11.      15 USCA § 1640(e) requires that "any action under this section be brought […] within one year from the date of the occurrence of the violation."  The purported violation by the Defendants occurred on January 26, 2012, when the Assignment was executed, and the loan was "sold or otherwise assigned to a third party, [and] the creditor that [was] the new owner or assignee of the debt" failed to so notify the plaintiffs in writing. 15 USCA § 1641(g).

---

[3] See, Exhibit 3 attached hereto and Complaint, ¶2.

12.     The cause of action giving rise to the Complaint, therefore, occurred on January 26, 2012.  The Complaint was not docketed, however, until January 29, 2013, after the statute of limitations provided for by 15 USCA § 1640(e) had expired.    Consequently, the Complaint is barred by the statute of limitations and must be dismissed.

**B)      *Disclosures Pursuant To 15 USCA §1641(g) Were Not Required***

13.     Section 1641(g) provides for "Notice of New Creditor" as follows:

> [N]ot later than 30 days after the date on which a ***mortgage loan is sold or otherwise transferred or assigned to a third party***, the creditor that is the ***new owner or assignee of the debt*** shall notify the borrower in writing of such transfer, including – (A) the identity, address, telephone number of the **new creditor**; (B) the date of transfer; (C) how to reach an agent or party having authority to act on behalf of the **new creditor**; (D) the location of the place where transfer of ownership for the debt is recorded; and (E) any other relevant information regarding the **new creditor**.

15 USCA § 1641(g)(1) (emphasis added).  For purposes of this section, TILA defines the term "mortgage loan" to mean "any consumer credit transaction that is secured by the principal dwelling of a consumer."  15 USCA § 1641(g)(2).  According to the statute then, the "mortgage loan" is the credit transaction itself (*i.e.*, the Note), not the securing instrument (*i.e.*, the Deed of Trust).

14.     Moreover, Regulation Z, which implements this section, provides that a person is covered by § 1641(g) if he or she "becomes the owner of an existing mortgage loan by acquiring legal title to the debt obligation, whether through purchase, assignment or other transfer."  12 C.F.R. § 1026.39(a)(1).  The regulation confirms that the § 1641(g) duty to disclose is activated only when ownership of the "mortgage loan" or "debt" is purchased, assigned or otherwise transferred.

15.     As noted in the Deed of Trust and Note attached hereto, Freedom was identified as the "Lender" creditor when the loan was originated on April 15, 2009.  *See* Exhibits 1 and 2, attached hereto.   When MERS executed the Assignment, it was not selling, or otherwise transferring or assigning, the Deed of Trust to a "third party" who would then have been the "new owner or assignee of the debt".   MERS simply transferred whatever nominal beneficiary interest it might have obtained through the execution of the Deed of Trust to Freedom, the original "Lender".   Consequently, there was no requirement to notify the Plaintiffs of the assignment of the Deed of Trust.

16.     Furthermore, only Freedom is identified as the "Lender" in the Note; MERS is not mentioned in the Note and, consequently, never had any right of ownership in the Note.   MERS never held the Note, and the Note was never endorsed to MERS.

17.     Hence, an assignment by MERS of its beneficial interest in the Deed of Trust, without a transfer of the underlying debt obligation, i.e., the Note, does not trigger §1641(g) disclosures.   *Connell v. Citimortgage, Inc.,* 2012 U.S. Dist. Lexis 162363 (S.D. Ala. Nov. 13, 2012) (*citing Foley v. Wells Fargo Bank, N.A.,* 2012 U.S. Dist. LEXIS 148058, 2012 4829124 (S.D. Fla. Sept. 28, 2012)("MERS' execution of written assignment of mortgage to Wells Fargo did not trigger § 1641(g) obligation because assignment of mortgage alone "did not render Wells Fargo the creditor that is the new owner or assignee of the debt"); *Rivera v. Recontrust Co., N.A.,* 2012 WL 2190710, *4 (D. Nev. June 14, 2012) ("TILA applies only to transfers of an obligation"); *Sakala v. BAC Home Loans Servicing, LP,* 2011 WL 719482, *8 (D.Haw. Feb. 22, 2011) ("the notification requirement is triggered only when the mortgage loan is sold, transferred, or assigned" and imposes an obligation only on "the new owner or assignee of the

debt"); *Knowles v. HSBC Bank USA,* 2012-U.S. Dist. LEXIS 79865, 2012- WL 2153436 (N.D. Ala. June 8, 2012).

18.     As noted herein and not disputed by the Plaintiffs, the Note is made payable to Freedom.   *See* Exhibit 1, attached hereto.   Nothing in the Note conferred upon MERS any ownership interest in the Note or the debt obligation.   Consequently, the Assignment by MERS of its beneficial interest in the Deed of Trust could not have transferred any interest or right of ownership in the Note, for a party cannot assign legal rights or interests that it does not own. The Note was originally owned by Freedom and continued to be owned by Freedom subsequent to the Assignment.   In the absence of a "new creditor" or "new owner or assignee" of the Note, no disclosure requirements were triggered by 15 USCA § 1641(g) and Plaintiffs cannot state a cause of action for which this Court can grant relief. *See, Connell, et seq.*

**C.     *MERS Was Not Required To Make Disclosures Pursuant To 15 USCA §1641(g)***

19.     As noted above, by its own very terms 15 USCA § 1641(g) makes it clear that only the "new owner or assignee" of the transferred debt is responsible for providing the disclosure to borrowers.   As such, even if there was a requirement to provide disclosures herein, MERS was under no obligation to do so pursuant to 11 USCA § 1641(g).   *See Foley v. Wells Fargo Bank, N.A.,* 2012 U.S. Dist. LEXIS 148058 (S.D. Fla. Sept. 27, 2012)**.**   The Plaintiffs, therefore, have not even made a plausible claim for relief against MERS, and Plaintiffs' Complaint must be dismissed.

**WHEREFORE**, it is respectfully requested that the Court:

A.     Dismiss the Complaint, with prejudice; and

B.     Grant any other relief the Court deems just and proper.

Respectfully submitted,

/s/ Michael T. Cantrell   (mcl)

Michael T. Cantrell, Esquire (08793)
McCabe, Weisberg & Conway, LLC
312 Marshall Ave, Suite 800
Laurel, MD 20707
(301) 490-3361

## CERTIFICATE OF SERVICE

I hereby certify and affirm under the penalties of perjury that I served a copy of this pleading via the ECF System to the following on this 15th day of March, 2013:

Gerard P. Uehlinger
28 West Allegheny Avenue, Suite 1210
Towson, Maryland 21204

/s/ Michael T. Cantrell

Michael T. Cantrell, Esquire