IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT TERRY, et al. | * | |
| Plaintiffs | * | |
| v. | * | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. | * | Case No.: 8:13-cv-00773-AW |
| | * | |
| and | | |
| | * | |
| FREEDOM MORTGAGE CORPORATION | * | |
| Defendants | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT FREEDOM MORTGAGE CORPORATION'S MOTION TO DISMISS COMPLAINT[1] AND REQUEST FOR HEARING**

Robert Terry and Shirley Atkins, Plaintiffs, by their attorney, Gerard P. Uehlinger, file this Memorandum in Opposition to Defendant Freedom Mortgage Corporation's Motion to Dismiss Complaint, request a hearing, and as grounds therefore say:

---

[1] Plaintiffs have dismissed MERS concurrently with the filing of this Memorandum.

## Facts

Plaintiffs accept Defendant Freedom Mortgage Corporation's ("Freedom") Statement of Facts.

## Standard of Review

Like all motions to dismiss in the Maryland and federal systems, the court must assume the truth of all well-pled facts and inferences to be drawn therefrom. See e.g., <u>Mylan Labs, Inc. v. Matkari</u>, 7 F.3d 726 (4th Circ. 1993).

## Argument

### A

<u>Defendant is misguided in its calculation as to the accrual of Plaintiffs' cause of action</u>.

Simply put, Plaintiffs' filing on January 29, 2013 <u>was</u> timely for two reasons.

First, although on its face, the Assignment was executed on January 26, 2012. Defendant Freedom had <u>thirty (30) days</u> under the statute, i.e., to February 25, 2012 to notify Plaintiffs of the transfer of the mortgage loan. 15 U.S.C. § 1641. *See* also <u>Michaud v. J P Morgan, N.A.</u>, 2012 U.S. Dist. LEXIS 58162 (D. Md. April 25, 2012) (recognizing the <u>thirteen-month</u> window for limitations from the date of the Assignment). Consequently, this cause of action under TILA did not accrue until February 26, 2012. Therefore, Plaintiffs' filing on January 29,

2

2013 was timely.

Second, Plaintiffs would be entitled to the benefit of Maryland's discovery rule.   Here on its face the Assignment was not recorded until May 10, 2012.  Even if Plaintiffs checked every week through the Prince George's County land records for the status of his mortgage (who in his right mind does that?!), they would not have found the transfer of their mortgage loan until May 2012.  Because the Plaintiffs could not have possibly known of the change in ownership until May 2012, they should have one year from that date to file a TILA action, which they obviously have done.

A hypothetical fact pattern illustrates the logic of applying the discovery rule.   This court should not and (for justice's sake) would not countenance Defendant Freedom's actions if it waited until, say, late March <u>2013</u>, to file the present Assignment in Prince George's County land records, then argue here that the one-year limitations had run.   Such a ruling would obviate the intent of the TILA statute, which is to give homeowners notice of change of ownership of their mortgage loans.   So, in effect, the true rule which courts should apply in this and other TILA cases is that limitations begin to run thirty (30) days after the date of Assignment or the date the Assignment is filed in land records, whichever is <u>later</u>.

Therefore, for both reasons, Defendant's statute of limitations argument fails.

**B**

3

Defendant's argument that TILA does not pertain to Assignments of Deeds of Trust is patently wrong.

A mortgage loan is "any consumer credit transaction that is secured by the principal dwelling of the consumer." 15 U.S.C. §1641(g)(2). A note without a Deed of Trust or mortgage is just a note. It is obvious that it is the Deed of Trust or mortgage which makes it "secured by" the consumer's principal dwelling.

Therefore, the only logical conclusion is that the Deed of Trust is part and parcel of the "mortgage loan" and the Assignment thereof constitutes the Assignment or transfer contemplated by section 1641(g).

### C

In further opposition, Plaintiffs must note that Defendant has unilaterally added a purported copy of the Note and Deed of Trust to its response. It then makes legal arguments from its contents.

Such additions are not appropriate in a Motion to Dismiss. Defendant is going far beyond the four corners of Plaintiffs' complaint. If Defendant wants to turn this into a Motion for Summary Judgment, he must supply affidavits. In that regard, it is noteworthy that the Note copy contains an undated blank endorsement by Freedom Mortgage through a "Stan Moskowitz/CPA, Treasurer, Chief Financial Officer."

Plaintiffs herein cannot fathom why Defendant would endorse the Note in blank unless it was intended to be transferred.

Defendant argues in unsworn statements in the Motion to Dismiss that MERS "never held the Note" and the Note "was never endorsed to MERS." This court well knows under the UCC that a Note properly endorsed in blank is bearer paper. The Note could have been in MERS 's possession for all anyone knows. That's why Motions for Summary Judgment need affidavits, and why trials need oaths. These unsworn statements in Defendant's Motion, based on Defendant's so-called exhibits, are not relevant to its Motion to Dismiss and should be disregarded.

There are no grounds to dismiss this cause of action.

WHEREFORE, Plaintiffs respectfully request this Court to deny Defendant Freedom Mortgage Corporation's Motion to Dismiss Complaint.

_____
Gerard P. Uehlinger
28 West Allegheny Avenue
Suite 1210
Towson, Maryland 21204
Phone: 410-821-0025
Attorney for Plaintiffs

## REQUEST FOR HEARING

Plaintiffs request a hearing on Defendant's Motion to Dismiss Complaint.

_____
Gerard P. Uehlinger

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 29th day of March 2013, a copy of Memorandum in Opposition to Defendant Freedom Mortgage Corporation's Motion to Dismiss Complaint was emailed to:

Michael T. Cantrell, Esquire
McCabe, Weisberg & Conway, LLC
312 Marshall Avenue, Suite 800
Laurel, MD 20707
*Attorneys for Defendants*

_____
Gerard P. Uehlinger