**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| ROBERT TERRY et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 8:13-cv-00773-AW |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. et al., | |
| Defendants. | |

## MEMORANDUM OPINION

Pending before the Court is Defendant's Motion to Dismiss. The Court has reviewed the entire record and deems a hearing unnecessary. For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Robert Terry and Shirley Atkins are natural persons who reside in Clinton, Maryland. Defendant Mortgage Electronic Registration Systems, Inc. (MERS) is a corporate entity that does business in Maryland. Defendant Freedom Mortgage Corporation (Freedom) is likewise a corporate entity that does business in Maryland. Plaintiff has voluntarily dismissed MERS from this suit.

On April 15, 2009, Plaintiffs executed a Note (Note or Home Loan) pursuant to which they borrowed $355,530 dollars from Freedom to refinance their Clinton property (the Property). Doc. No. 8-1. On or around the same day, and in connection with the same transaction, Plaintiffs executed a Refinance Deed of Trust (Refinance Deed) securing the Home Loan against the

Property. The Refinance Deed refers to MERS as "beneficiary . . . solely as nominee for Lender" and names a trustee. Doc. No. 8-2 at 1. The Refinance Deed of Trust further states that it secures to Freedom, inter alia, "repayment of the debt evidenced by the Note" and that, for this purpose, Plaintiffs grant the trustee the Property in trust with the power of sale. *See id.* at 1–2.

Plaintiffs later defaulted on their Home Loan. During the foreclosure proceedings, Plaintiffs discovered that MERS and Freedom had executed an Assignment of Deed of Trust (Assignment Deed) on January 26, 2012. The Assignment Deed states that MERS "grants, assigns and transfers unto [Freedom] all **beneficial interest** under [the Refinance Deed]." Doc. No. 8-3 (emphasis added).

On or around January 29, 2013, Plaintiffs filed the instant Complaint in state court. Plaintiffs asserted a TILA claim pursuant to 15 U.S.C. § 1641(g), the gist of which is that Defendants failed to notify them when they executed the Assignment Deed. Defendants removed the case on March 13, 2013. Shortly after removing the case, Defendants filed a Motion to Dismiss. Doc. No. 8. Defendants argue that Plaintiffs' TILA claim is time-barred. Defendants also argue that Plaintiff's TILA claim is not cognizable. Plaintiff filed an Opposition on March 31, 2013. Doc. No. 10. Although Freedom has yet to reply, Freedom's time for doing so has expired.

## II.    STANDARD OF REVIEW

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of

entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).[1]

---

[1] Courts may consider public real estate records when ruling on a motion to dismiss. *See, e.g.*, *Sec'y of State For Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Courts may also consider documents that are integral to the complaint or that it incorporates by reference. *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted).

**III.    LEGAL ANALYSIS**

The Court analyzes only Freedom's argument that Plaintiffs' TILA § 1641(g) claim is not

cognizable because (1) it is meritorious and (2) Freedom's statute of limitations argument does

not appear to be well-taken.[2]

TILA § 1641(g) generally requires creditors assuming home loans to provide notice to

borrowers in writing of the transfer. *See* 15 U.S.C. § 1641(g). In full, section 1641(g) provides:

(g) Notice of new creditor

    (1) In general

    In addition to other disclosures required by this subchapter, not later than 30 days

    after the date on which a mortgage loan is sold or otherwise transferred or

    assigned to a third party, the creditor that is the new owner or assignee of the debt

    shall notify the borrower in writing of such transfer, including—

        (A) the identity, address, telephone number of the new creditor;

        (B) the date of transfer;

        (C) how to reach an agent or party having authority to act on

        behalf of the new creditor;

---

[2] Freedom argues that TILA's applicable one-year statute of limitations expired before Plaintiffs filed suit. *See* 15 U.S.C. § 1640(e) (requiring applicable TILA actions to be brought "within one year from the date of the occurrence of the violation"). Here, the alleged violation would have occurred on January 26, 2012, when MERS and Freedom executed the Assignment Deed. Because Plaintiff filed suit on January 29, 2013 (one year and three days later), Freedom argues that Plaintiffs' TILA claim is time-barred. However, this argument ignores that section 1641(g) requires notice of a new creditor of the mortgage debt "not later than **30 days after** the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party." 15 U.S.C. § 1641(g)(1) (emphasis added). Thus, TILA's one-year limitations period likely does not start to run until section 1641(g)(1)'s 30-day window has closed. *See Bradford v. HSBC Mortg. Corp.*, 829 F. Supp. 2d 340, 353 (E.D. Va. 2011); *Michaud v. J.P. Morgan Chase Bank, N.A.*, Civil No. WDQ–12–0815, 2012 WL 1454859, at *2 (D. Md. Apr. 25, 2012). Therefore, Plaintiffs likely had until February 25, 2013 to file suit, and they filed suit by this date.

(D) the location of the place where transfer of ownership of the

debt is recorded; and

(E) any other relevant information regarding the new creditor.

(2) Definition

As used in this subsection, the term "mortgage loan" means any consumer credit

transaction that is secured by the principal dwelling of a consumer.

15 U.S.C. § 1641(g). "Regulation Z, which implements this section, provides that a person is

covered by § 1641(g) if he or she 'becomes the owner of an existing mortgage loan by acquiring

legal title to the debt obligation, whether through a purchase, assignment or other transfer.'"

*Connell v. CitiMortgage, Inc.*, Civil Action No. 11–0443–WS–C, 2012 WL 5511087, at *6 (S.D.

Ala. Nov. 13, 2012) (quoting 12 C.F.R. § 1026.39(a)(1)). The result of these provisions is that a

creditor is not the "new owner . . . of the debt" under section 1641(g) unless the creditor acquires

legal title to, or otherwise assumes, the debt underlying the mortgage.

In this case, Freedom did not acquire legal title to, or otherwise assume, the Note by

executing the Assignment Deed. The Refinance Deed executed in connection with the Note

plainly states that MERS was a nominal beneficiary for Freedom. Therefore, MERS never held

legal title to the underlying debt; when it assigned its "beneficial interest" back to Freedom, it

could not have transferred legal title to the debt. *Cf. Deutsche Bank Nat'l Trust Co. v. Brock*, No.

55, Sept. Term 2012, 2013 WL 1164508, at *6  (Md. Mar. 22, 2013) (citations and internal

quotation marks omitted) (publication forthcoming) ("A deed of trust securing a negotiable

promissory note cannot be transferred like a mortgage; rather, the corresponding note may be

transferred, and carries with it the security provided by the deed of trust."); Black's Law

Dictionary 885 (9th ed. 2009) (defining "beneficial interest" as "[a] right or expectancy in something . . . as opposed to legal title to that thing").

Furthermore, even if the Assignment Deed transferred legal title back to Freedom in some specialized sense, it is implausible to infer that this action constituted a transfer or assignment of the underlying debt obligation. For "the mere designation of MERS in the trust deed as the beneficiary of the security instrument, and as Lender's nominee, does not alter the fact that the holder of the note (the lender) would still be entitled to repayment of the loan and is the proper party in whose name foreclosure is initiated after the borrowers' default." *Showell v. BAC Home Loans Servicing, LP*, No. 4:11–CV–00489–CWD, 2012 WL 4105472, at *6 (D. Idaho Sep. 17, 2012) (citation omitted); *cf. Sheppard v. BAC Home Loans Servicing, LP*, No. 3:11–cv–00062, 2012 WL 204288, at *4 (W.D. Va. Jan. 24, 2012) (MERS, as beneficiary under the deed of trust, could not claim superior title to noteholder as "had no beneficial interest in the note that the deed of trust secured"). The conclusion that a nominal beneficiary's assignment of its beneficial interest in a deed of trust to the holder of underlying debt fails to implicate section 1641(g) is consistent with the decisions of other district courts. *See, e.g.*, *Galvin v. EMC Mortg. Corp.*, Civil No. 12–cv–320–JL, 2013 WL 1386614, at *15 n.13 (D.N.H. Apr. 4, 2013); *Abbas v. Bank of Am. N.A.*, No. 1:12–CV–607, 2013 WL 1340309, at *7 (W.D. Mich. Mar. 29, 2013); *Connell*, 2012 WL 5511087, at *8 n.14 (citing cases). *But cf. Flemister v. Citibank, N.A.*, No. CV 12–5368 CAS (JCGx), 2012 WL 6675273, at *5 (C.D. Cal. Dec. 20, 2012) (internal quotation marks omitted) (holding that plaintiff adequately alleged that the transfer of a deed of trust triggered section 1641(g)'s notice requirements where the deed contained language "assigning plaintiffs' note and the money due and to become due thereon with interest").[3]

---

[3] The Assignment Deed contains no such language and merely states that MERS assigns to Freedom "all beneficial interest" under the Refinance Deed.

For the foregoing reasons, the Court dismisses Plaintiffs' TILA claim. This dismissal is with prejudice. The key facts appear in public records and/or documents that are integral to the Complaint and are not subject to dispute. There is no good reason to believe that allowing Plaintiffs to amend their Complaint will produce factual allegations sufficient to state a cognizable section 1641(g) claim.

## IV.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Freedom's Motion to Dismiss. A separate Order follows.

| April 30, 2013 | /s/ |
| --- | --- |
| Date | Alexander Williams, Jr. |
| | United States District Judge |